```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------- X
                                                                :
SUMIT SUMIT,                                                    :
                                                                :
                                        Petitioner,             :
                                                                :   **MEMORANDUM DECISION**
            – against –                                         :   **AND ORDER**
                                                                :
                                                                :   26-CV-650 (AMD)
RAUL MALDONADO, in his official capacity                        :
as Warden, Brooklyn Metropolitan Detention                      :
Center; JUDITH ALMODOVAR, in her official                       :
capacity as Acting New York                                     :
Field Office Director, U.S. Immigration &                       :
Customs Enforcement; KRISTI NOEM, in her                        :
official capacity as Secretary of Homeland                      :
Security; TODD M. LYONS, in his official                        :
capacity as Acting Director of Immigration &                    :
Customs Enforcement; and PAMELA BONDI,                          :
in her official capacity as Attorney General, U.S.              :
Department of Justice,                                          :
                                                                :
                                        Respondents.            :
                                                                :
--------------------------------------------------------------- X
```

**ANN M. DONNELLY**, United States District Judge:

On November 14, 2025, U.S. Immigration and Customs Enforcement ("ICE") arrested and detained the petitioner when he reported for a check-in appointment with ICE. (ECF No. 1 ¶ 2; ECF No. 4 at 28.) The petitioner is currently detained at the Metropolitan Detention Center ("MDC") in Brooklyn, New York. (ECF No. 1 ¶ 3.) The petitioner seeks a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. (*Id.*) The Court grants the petition, as explained below.

## BACKGROUND[1]

The petitioner is a twenty-four-year-old native of India. (ECF No. 4 at 17.) On November 29, 2023, the petitioner entered the United States, crossing the United States-Mexico border at or near the town of Tecate, California. (ECF No. 1 ¶ 1; ECF No. 4 at 11.) The following day, he was arrested and issued a Notice to Appear ("NTA"). (ECF No. 4 at 2, 7–9, 11.) The NTA instructed the petitioner to appear for removal proceedings before an immigration judge in Buffalo, New York on June 11, 2024. (*Id.* at 7.) Invoking its authority pursuant to Section 1226, Customs and Border Patrol then released the petitioner on his own recognizance pending this appearance. (*Id.* at 15.)

The petitioner reported to ICE on December 6, 2023, June 25, 2024, and February 13, 2025. (*Id.* at 22.) When he reported for another routine check-in at 26 Federal Plaza in Manhattan on November 14, 2025, ICE arrested him. (*Id.* at 28.) Although the ICE officer had a form arrest warrant, the document provides no justification to arrest the petitioner. (*See id.* at 25.) There is no narrative establishing probable cause, and the Authorized Immigration Officer who filled out the warrant did not check any of the boxes that would have explained why he had probable cause to believe that the petitioner was removable from the United States. (*Id.*) The only justification in the record is a notation that the petitioner was "subject to be re-detained now that bedspace is available." (*Id.* at 28.)

---

[1] The Court bases the discussion of the facts, which are undisputed unless otherwise noted, on the parties' submissions, including exhibits. *See Hyppolite v. Noem*, No. 25-CV-4304, 2025 WL 2829511, at *2 n.1 (E.D.N.Y. Oct. 6, 2025); *Munoz Materano v. Arteta*, No. 25-CV-6137, 2025 WL 2630826, at *1 n.1 (S.D.N.Y. Sept. 12, 2025).

The Court has reviewed all the submissions and finds that the petition "present[s] only issues of law." 28 U.S.C. § 2243. Accordingly, the Court can decide the petition without a hearing. *See id.* (directing courts to "determine the facts, and dispose" of habeas petitions expeditiously, "as law and justice require"); *see also Tumba Huamani v. Francis*, No. 25-CV-8110, 2025 WL 3079014, at *1 n.1 (S.D.N.Y. Nov. 4, 2025).

The petitioner filed a petition for habeas relief on February 5, 2026, and a motion for an order to show cause on February 6, 2026. (ECF Nos. 1 and 3.) The Court granted the motion on February 6, 2026, and ordered the government to show cause why the petition should not be granted. (*ECF Order dated Feb. 6, 2026.*)[2] The government responded on February 9, 2026. (ECF No. 4.)

## LEGAL STANDARD

A petition for a writ of habeas corpus under Section 2241 "authorizes a district court to grant a writ of habeas corpus whenever a petitioner is 'in custody in violation of the Constitution or law or treaties of the United States.'" *Wang v. Ashcroft*, 320 F.3d 130, 140 (2d Cir. 2003) (quoting 28 U.S.C. § 2241(c)). "Federal courts have jurisdiction to hear habeas corpus claims by non-citizens challenging the constitutionality of their detention." *Lopez v. Sessions*, No. 18-CV-4189, 2018 WL 2932726, at *6 (S.D.N.Y. June 12, 2018) (citing *Denmore v. Kim*, 538 U.S. 510, 516–17 (2003)).

## DISCUSSION

The petitioner argues that the respondents detained him in violation of his Fifth Amendment rights to procedural and substantive due process. He argues that non-citizens present in the United States charged as being present without admission or parole are detained under 8 U.S.C. § 1226(a) and have the right to a bond hearing. (ECF No. 1 at 6.) Therefore, the respondents' detention of the petitioner "without any procedure to contest his ongoing unlawful detention violates the Fifth Amendment." (*Id.* at 7.) He also argues that his continued detention violates his substantive due process rights because the respondents "cannot show any valid

---

[2] The Court also ordered the government not to remove the petitioner from the United States or transfer him out of the Eastern District of New York during the pendency of these proceedings. (*See ECF Order dated Feb. 6, 2026.*)

justification—let alone a 'sufficiently strong special justification'—for depriving [him] of his fundamental rights." (*Id.* at 7–8 (quoting *Zadvydas v. Davis,* 533 U.S. 678, 690 (2001).) Finally, he argues that the decision to detain and remove him violated the APA because it was arbitrary and capricious. (*Id.* at 8.)[3]

The respondents incorporate all of the arguments from their opposition memorandum in *Ye v. Maldonado*, No. 25-CV-6417, (E.D.N.Y. Dec. 8, 2025), ECF No. 8, in which they argued that the petitioner's detention was lawful under Section 1225 because he was "seeking admission" into the country. (ECF No. 4 at 1 n.1.) The respondents concede, however, that this Court's decision in *Ye* "would control the result in this case." (*Id.* at 3.)[4]

The Court adheres to its reasoning in *Ye*, and finds for the same reasons, as well as the reasons in Judge Hector Gonzalez's decision in *O.F.B. v. Maldonado*, No. 25-CV-6336, 2025 WL 3277677 (E.D.N.Y. Nov. 25, 2025), that the petitioner, who was previously released on his own recognizance on November 30, 2023, is currently being detained pursuant to 8 U.S.C. § 1226 and in violation of his rights to due process under the Fifth Amendment of the Constitution. Furthermore, the Court finds that even if Section 1225 applied to the petitioner's detention, the petitioner was still entitled to due process before the government arrested him and detained him on November 14, 2025. Under either section of the INA, the government has

---

[3] Because the Court concludes that the respondents detained the petitioner in violation of the Due Process Clause of the Fifth Amendment under either 8 U.S.C. §§ 1225 or 1226, it does not address the petitioner's APA claim.

[4] The government respectfully disagrees with the rationale in *Ye*, and asks the Court to adopt the reasoning in *Arana v. Arteta*, No. 26-cv-240, 2026 WL 279786 (S.D.N.Y. Feb. 3, 2026); *Lopez v. Noem*, No. 26-cv-345, 2026 WL 266597 (S.D.N.Y. Feb. 2, 2026); *Chen v. Almodovar, et al.*, No. 25-cv-9670, 2026 WL 100761 (S.D.N.Y. Jan. 14, 2026); *Chen v. Almodovar*, No. 25-cv-8350, 2025 WL 3484855 (S.D.N.Y. Dec. 4. 2025), appeal filed Dec. 16, 2025, No. 25-3169 (2d Cir.); *Candido v. Bondi*, No. 25-cv-867, 2025 WL 3484932 (W.D.N.Y. Dec. 4, 2025), appeal filed Dec. 16, 2025, No. 25-3159 (2d Cir.); and *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026). (ECF No. 4 at 3.) As explained in *Ye,* the Court respectfully disagrees with the reasoning in those cases.

unlawfully detained the petitioner since November 14, 2025 because it denied him due process. The "typical remedy" for "unlawful executive detention" is "of course, release." *Munaf v. Green*, 553 U.S. 674, 693 (2008). The government's ongoing detention of the petitioner, in the face of this complete failure of process, entitles him to immediate release.

Accordingly, the petition for a writ of habeas corpus under 28 U.S.C. §2241 is granted. The government is directed to release the petitioner from custody immediately and within 24 hours of this Order. The government is further directed to return to the petitioner any and all funds or property seized from him when he was arrested. The government is directed to certify compliance with the Court's Order by filing a letter on the docket no later than 6:00 p.m. on February 11, 2026. The Court further orders that the petitioner must not be re-detained without notice and an opportunity to be heard at a pre-deprivation bond hearing before a neutral decisionmaker, where the government will have the burden of showing that his detention is authorized under 8 U.S.C. § 1226(a). The deadline for the petitioner to apply for an award of reasonable fees and costs pursuant to the Equal Access to Justice Act is March 11, 2026.

## CONCLUSION

For these reasons, the petition for a writ of habeas corpus under 28 U.S.C. § 2241, ECF No. 1, is granted. The Clerk of Court is respectfully directed to enter judgment consistent with this Order and close the case.

**SO ORDERED.**

                                               s/Ann M. Donnelly
                                               ANN M. DONNELLY
                                               United States District Judge

Dated: Brooklyn, New York
       February 10, 2026