UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------- X

**SUMIT SUMIT**, :

Petitioner, :

– against – :

**RAUL MALDONADO,** in his official capacity as Warden, Brooklyn Metropolitan Detention Center; **JUDITH ALMODOVAR,** in her official capacity as Acting New York Field Office Director, U.S. Immigration & Customs Enforcement; **MARKWAYNE MULLIN,** in his official capacity as Secretary of Homeland Security; **TODD M. LYONS,** in his official capacity as Acting Director of Immigration & Customs Enforcement; and **TODD BLANCHE,** in his official capacity as Acting Attorney General, :

Respondents.

--------------------------------------------------------- X

**MEMORANDUM DECISION AND ORDER**

26-CV-650 (AMD)

**ANN M. DONNELLY**, United States District Judge:

On February 10, 2026, the Court granted petitioner Sumit's petition for a writ of habeas corpus challenging his re-detention by Immigration and Customs Enforcement ("ICE") agents under 28 U.S.C. § 2241. (ECF No. 5.)[1] Before the Court is the petitioner's motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"). (ECF No. 9.) For the following reasons, the Court grants the motion.

---

[1] Under Federal Rule of Civil Procedure 25(d), Acting Attorney General Todd Blanche is automatically substituted in place of his predecessor, Pamela Bondi, and Secretary of Homeland Security Markwayne Mullin is automatically substituted in place of his predecessor, Kristi Noem, as a party to the suit.

## BACKGROUND

The Court assumes familiarity with the facts and procedural history of the petitioner's case, which are set out more fully in the Court's February 10, 2026, Memorandum Decision and Order granting the petitioner's habeas petition. (ECF No. 5.) On February 11, 2026, the respondents certified that the petitioner had been released from custody. (ECF No. 8.) On February 24, 2026, the petitioner filed a motion for fees and costs under the EAJA. (ECF No. 9.) The respondents oppose. (ECF No. 15.)

## DISCUSSION

Under the EAJA, "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).[2] "To establish entitlement to EAJA fees, a party must (1) timely file their fee motion pursuant to 28 U.S.C. § 2412(d)(1)(B); (2) show that they were the prevailing party and eligible to receive an award; (3) set forth an itemized statement of actual time expended and the hourly rate at which fees were computed; and (4) allege that the position of the United States was not substantially justified and that no special circumstances exist that make an award unjust." *Williams v. Kijakazi*, 797 F. Supp. 3d 164, 170–71 (E.D.N.Y. 2025) (citing *Barbour v. Colvin*, 993 F. Supp. 2d 284, 289 (E.D.N.Y. 2014)). In addition, the attorney's fees must be "reasonable." 28 U.S.C. § 2412(d)(2)(A).

---

[2] Habeas petitions "challenging immigration detentions" are "civil actions" within the meaning of the EAJA. *Barco Mercado v. Francis*, 811 F. Supp. 3d 487, 506 (S.D.N.Y. 2025).

The respondents do not dispute that the petitioner was the prevailing party, that he timely filed his motion and included an itemized bill, or that his fee amount is reasonable. (*See* ECF No. 15.)[3] Instead, they argue that the petitioner is not entitled to fees under the EAJA because their position was substantially justified. (*Id.* at 2–3.)

"Once a party has demonstrated that it is a prevailing party under the EAJA, the burden shifts to the government to demonstrate that its litigation position was 'substantially justified.'" *Commodity Futures Trading Comm'n v. Dunn*, 169 F.3d 785, 786 (2d Cir. 1999) (per curiam) (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). "[T]o meet that burden, it must show that its action was 'justified to a degree that could satisfy a reasonable person.'" *Firstland Int'l, Inc. v. U.S. I.N.S.*, 264 F. App'x 22, 23 (2d Cir. 2008) (quoting *Pierce*, 487 U.S. at 565)).

The government argues that its position was substantially justified because "many courts have agreed with the Respondents' position, including the Fifth Circuit Court of Appeals and the Eighth Circuit Court of Appeals." (ECF No. 15 at 2 (citing *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026); *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026).) "The issue for EAJA purposes is not what the law is when the EAJA application is made, but rather whether the government was substantially justified in believing the law not to have foreclosed its position during the underlying litigation." *Dunn*, 169 F.3d at 786. When the parties litigated this petition, the Fifth Circuit had decided *Buenrostro Mendez*, but that decision

[3] The petitioner's counsel seeks $1,051.08 in fees for four hours of work in connection with the petition (*see* ECF No. 9 at 4–5), and $1,313.85 for five hours of work in connection with replying to the government's opposition to the motion (ECF No. 16 at 7). The government did not have an opportunity to respond to the petitioner's request for additional fees in connection with his reply. "The law is clear, however, that the EAJA covers 'the cost of all phases of successful civil litigation addressed by the statute,' including the fee award phase." *Vasquez v. Comm'r of Soc. Sec.*, No. 21-CV-1373, 2023 WL 4535132, at *4 (S.D.N.Y. July 13, 2023) (quoting *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 166 (1990)); *see also Reed v. A.W. Lawrence & Co.*, 95 F.3d 1170, 1184 (2d Cir. 1996). Accordingly, the Court finds that the total amount, $2,364.93 for nine hours of work at a rate of $262.77 an hour — the statutory rate adjusted for inflation, based on the consumer price index — is reasonable.

is not binding on the Court. At that point, however, the Eighth Circuit had not decided *Avila* — which is also not binding on this Court — and no court in this district had adopted the government's position. Indeed, by the government's count, only eight district courts in the Second Circuit agreed with the government's analysis when the Court granted the habeas petition on February 10, 2026. (*See* ECF No. 4 at 3; ECF No. 15 at 2–3.) Then — as now — the respondent's position "d[id] not and ha[d] never had a reasonable basis in statutory text, structure, or history," and "ha[d] been rejected with near unanimity in the overwhelming majority of cases across the country." *Barco Mercado*, 811 F. Supp. 3d at 506.

Moreover, "[t]he Government's position includes both 'the position taken by the United States in the civil action[ ] [and] the action or failure to act by the agency upon which the civil action is based.'" *Firstland Int'l*, 264 F. App'x at 23 (quoting 28 U.S.C. § 2412(d)(2)(D)). The government does not argue that ICE's actions in detaining the petitioner, or that its decision to begin subjecting similarly situated noncitizens to mandatory detention under Section 1225 of the INA, were substantially justified. Indeed, "for decades, [the Department of Homeland Security]'s longstanding interpretation has been that § 1226, and not § 1225, applies to aliens who have crossed the border between ports of entry and are shortly thereafter apprehended." *Savane v. Francis*, 801 F. Supp. 3d 483, 489 (S.D.N.Y. 2025) (citation modified). The agency recently "revisited" its position and has now "determined that [Section 1225] of the [INA], rather than [Section 1226] is the applicable immigration detention authority for all applicants for admission." *Id.* at 490. Judge Christine O'Hearn concluded in a similar case that the government "ha[d] not provided any justification, let alone a substantial one, for such a radical administrative departure from an interpretation of a statute that had been considered virtually unimpeachable for years." *Kumar v. Soto et al*, No. 26-CV-203 (D.N.J. filed Jan. 11, 2026),

ECF No. 21 at 3–4; *see also Aguilar v. Blanche et al*, No. 25-CV-996, 2026 WL 1078966, at *3 (D.N.M. Apr. 21, 2026) (finding the government had "ignore[d] its burden to prove that the underlying action was substantially justified" where it "d[id] not describe its justification for the change in agency practice" or "justify the mandatory detention of Petitioner—who came to the United States as a child and had resided here for well over a decade").

Accordingly, the government has not met its burden of establishing that its position was "substantially justified." 28 U.S.C. § 2412(d)(1)(A). The petitioner is entitled to attorney's fees under the EAJA.

**CONCLUSION**

The petitioner's motion for attorney's fees under the EAJA is granted. The petitioner is awarded $2,364.93 in attorney fees and expenses pursuant to the EAJA, 28 U.S.C. § 2412(d).

**SO ORDERED.**

s/Ann M. Donnelly

ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
April 28, 2026